ELLIOT J. ENGLANDER, trustee, *vs.* DEPARTMENT OF ENVIRONMENTAL MANAGEMENT. July 5, 1983. *Eminent Domain,* What constitutes taking. *Inland Wetlands Act.*

Englander, as trustee, in 1970 and 1971 acquired by separate deeds land (in the case of each deed) in part in Norwood and in part in Westwood. The parcels thus acquired made up an aggregate of about forty-seven acres of contiguous land, through which runs the Norwood-Westwood town boundary, but "no distinguishing landmarks" define the town line. The Norwood land has been developed into an apartment complex of about 250 units, producing at the time of trial about $1,250,000 in annual gross rents. The Westwood parcel of about twenty-five acres, purchased for $29,000, has not been developed.

On February 1, 1974, the Commissioner of the Department of Natural Resources (now the Department of Environmental Management) issued an order under G. L. c. 131, § 40A (as then appearing in St. 1972, c. 782), restricting Englander (with minor exceptions) from filling, draining, or dredging about half (or twelve and one-half acres) of the Westwood land. Upon the directly affected land no building may be placed although the land is zoned by Westwood for single family use.

On June 28, 1974, Englander, by petition under the fifth paragraph of G. L. c. 131, § 40A (as it then read), sought in the Superior Court a determination that the Department by its order had so restricted the use of the affected Westwood land as to constitute a taking of that land without compensation. At trial it was shown that the Norwood land and the Westwood land have similar topography although the Norwood land is somewhat higher. The Westwood land can be reached only through the Norwood parcel. Englander intended to extend into Westwood the same type of apartment development already completed in Norwood. The judge found that, in the absence of the Department's order, the affected Westwood land was "profitably developable," and that "the highest and best use for this land is its present zoning — single family dwellings on one-half and one-acre lots." He concluded that the Department's order "reduces the value of the land to recreational limited use," a conclusion plainly unwarranted as is revealed by examination of the order itself. He found that for the remaining uses the land had a total fair market value of $10,000. The order, he ruled, as "an unreasonable exercise of the police power," should "not apply to . . . [Englander's] land." The Department appealed.

The trial judge's decision was made on May 7, 1981, prior to the decision by the Supreme Judicial Court on November 4, 1981, of *Moskow* v. *Commissioner of Environmental Management,* 384 Mass. 530, 532-534 (1981), holding in effect that a closely comparable order concerning wetlands did not constitute an unconstitutional taking. Whether such a taking exists, so that decision states (at 533), must be determined by the "character of the action and . . . the nature and extent of the interference with [the owner's] rights in the parcel as a whole," quoting from *Penn Cent. Transp. Co.* v. *New York City,* 438 U.S. 104, 130-131 (1978). Whether Englander's property is viewed as comprising the entire acreage (both in Norwood and Westwood) or only the portion in Westwood, "there has not been such an extensive interference with" either land area as to constitute a taking. See the *Moskow* case, *supra* at 533. Even viewing the Westwood parcel alone, there remain about twelve and one-half acres of land, susceptible of development for single-family house lots worth, as the judge found, $5,000 each.

The judgment is reversed, and the case is remanded to the Superior Court for the entry of a judgment that the Commissioner's restrictive order is not the equivalent of a taking and is valid and enforceable.

*So ordered.*

*Stephen M. Leonard,* Assistant Attorney General (*Anne Rogers,* Assistant Attorney General, with him) for the defendant.

*Donald L. Conn* for the plaintiff.